```
            UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF FLORIDA

            CASE NO. 15-61901-CIV-ZLOCH
```

NICOLAS VELASCO,

    Plaintiff,

vs.                                **O R D E R**

I LOVE SUSHI, INC., et al.,

    Defendants.
_____/

    THIS MATTER is before the Court upon Plaintiff's Motion For Attorney's Fees And Expenses (DE 55).  The Court has carefully reviewed said Motions, the entire Court file and is otherwise fully advised in the premises.

    By separate Order entered herein, the Court entered Default Final Judgment in favor of Plaintiff Nicolas Velasco and against Defendants I Love Sushi, Inc., Supavee Nitiwatana, and Surasak Kamkajon.  By the instant Motion (DE 55), Plaintiff now moves for attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

    While the award of attorney's fees is mandatory under FLSA, the Court has a duty to make sure that such an award is reasonable. See Hensley v. Eckhart, 461 U.S. 424, 433-34 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests).  The determination of exactly what fees to assess is vested in the sound discretion of the Court. Further, it generally is recognized that the federal courts should exercise care and restraint when awarding attorney's fees.  Undue generosity might encourage some members of the bar to seek out

clients and encourage litigation over disputes that otherwise might not reach the courts. Were this to become a widespread practice both the American system of civil litigation and the legal profession might fall into public disrepute. 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2675.1 (1998).

To calculate a reasonable fee, the Court must utilize the "lodestar" method. See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). In computing the lodestar, the first step is to determine the reasonable hourly rate. A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299). The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303). Here, the Court is satisfied that a reasonable rate for Anaeli Petisco, Esq., is $165.00 per hour. In particular, the Court has considered the attorney's experience and the time, labor, and expertise that this case required.

Once the lodestar is set, the Court must determine the reasonable number of hours incurred in making the motion. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary

irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis omitted). The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant. See id. at 428. The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees to be awarded. Id. If the applicant fails to exercise the requisite billing judgment, the Court is obligated to do so by reducing the amount of hours and "pruning out those that are excessive, redundant or otherwise unnecessary." Id.

Plaintiff's Time Sheet (DE 55-1) reflects that Ms. Petisco expended 48.9 hours in the successful prosecution of this action. The Court finds that this to be a reasonable amount of time spent on the above-styled cause. Therefore, Plaintiff shall recover a total $8,068.50 ($165.00 x 48.9) in attorney's fees.

In addition, Plaintiff's Motion (DE 55) seeks $2,125.00 in costs, including filing fees and the fees associated with effecting service of process on Defendants, all of which the Court finds to be reasonable and allowable under 29 U.S.C. § 216(b). Therefore, the Court shall award Plaintiff costs in the amount of $2,125.00.

Accordingly, after due consideration, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion For Attorney's Fees And Expenses (DE 55) be and the same is hereby **GRANTED;** and

2. Plaintiff Nicolas Velasco does have and recover from

Defendants, the sum of $8,068.50 in attorney's fees and $2,125.00 in costs incurred in this action, for all of which let execution issue.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   26th   day of October, 2016.

                                                                   _____
                                                                   WILLIAM J. ZLOCH
                                                                   United States District Judge

Copies furnished:

All Counsel of Record

Supavee Nitiwatana
c/o I Love Sushi, Inc.
17058 N.W. 19th Street
Pembroke Pines, FL 33028